**SO ORDERED.**

**SIGNED this 09 day of January, 2007.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## FAYETTEVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MICHELLE LYON | 05-08169-8-RDD |
| DEBTOR | |
| | |
| OCIE F. MURRAY, JR., Trustee | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | 06-00067-8-RDD-AP |
| DOUGLAS W. LYON and TRAWICK H. STUBBS, Trustee | |
| Defendants | |

## ORDER REGARDING SUMMARY JUDGMENT

This adversary proceeding is before the court on the motion of the defendant, Mr. Douglas W. Lyon, for summary judgment. A hearing was held in Fayetteville, North Carolina on January 4, 2007.

A complaint was filed in this action by the trustee, Mr. Ocie Murray, for recovery of real property transferred by the debtor to the defendant, Mr. Lyon, or in the alternative, for sale of Mr. Lyon's interest in the property with that of the debtor. Mr. Murray alleges that the transfer to Mr. Lyon should be deemed null and void pursuant to 11 U.S.C. § 548, N.C.G.S. § 39-23.4 and 11 U.S.C. § 544(b).

At the hearing of this matter, both parties conceded that the transfer of the property from the debtor, individually, to the debtor and Mr. Lyon occurred on or about June 5, 2003. The couple entered into a separation agreement on August 4, 2003. Mr. Lyon filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code on January 16, 2004. Mrs. Lyon filed a petition for relief pursuant to chapter 7 of the Bankruptcy Code on October 4, 2005.

11 U.S.C. § 548(a)(1) permits a trustee to avoid a fraudulent transfer made "by the debtor, that was made or incurred on or within one year before the date of the filing of the petition . . . ."[1] In this case, the transfer was made by the debtor more than one year prior to the filing of her petition. The trustee argued that 11 U.S.C. § 108(c) allows for the tolling of the time in which he must bring the action to avoid the transfer due to the imposition of the automatic stay in Mr. Lyon's bankruptcy. Section 108(c) provides:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of –

---

[1] Mrs. Lyon's petition was filed prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which amended § 548(a)(1) to permit the avoidance of fraudulent transfers which occurred on or within two years before the filing of the petition. Therefore, in this case, the trustee's look-back period is one year.

2

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

In the case of In re Little, 216 B.R. 769 (Bankr. E.D.N.C. 1997), the court found that § 108(c) was inapplicable to an unsecured governmental tax claim which must have been assessed within 240 days before the date of the filing of the petition as required by § 507(a)(8)(A)(ii). The court determined that the 240-day assessment was a substantive element of that statute, and was not a statute of limitations. Here the look-back provision of § 548, requiring that the transfer be made or incurred within one year before the date of the filing of the petition, is also a substantive element and is not a statute of limitations. Therefore, the tolling feature of § 108(c) does not apply, and the one-year look-back period must be determined from the date of the filing of Mrs. Lyon's petition. Because the transfer occurred more than one year prior to the filing of the debtor's petition, the transfer is not avoidable pursuant to § 548.

Therefore, Mr. Lyon's motion for summary judgment is **ALLOWED** as to the first and second causes of action of the plaintiff's complaint, which are brought pursuant to 11 U.S.C. § 548(a)(1), and the first and second causes of action are hereby dismissed. As to all other causes of action contained in the complaint, there appear to be genuine issues of material fact and therefore, Mr. Lyon's motion for summary judgment on those causes of action is **DENIED.**

**SO ORDERED.**

**END OF DOCUMENT**